After Remand by Supreme Court of Alabama

COBB, Judge.
William Ray Weaver was originally convicted of murder made capital because it was committed during the course of a robbery, and he was sentenced to death. This court affirmed that conviction, Weaver v. State, 678 So.2d 260 (Ala.Cr.App.1995), but the Alabama Supreme Court reversed this court’s judgment and remanded the case for a new trial. Ex parte Weaver, 678 So.2d 284 (Ala.1996). On retrial, Weaver was convicted of felony murder committed during a robbery, felony murder committed during a burglary, first-degree robbery, second-degree burglary, and second-degree theft. He was sentenced as an habitual offender to life imprisonment without parole for each of the felony-murder convictions, to life imprisonment without parole for the first-degree robbery conviction, to life imprisonment for the second-degree burglary conviction, and to life imprisonment for the second-degree theft conviction. On appeal, this court affirmed Weaver’s two felony-murder convictions, but held that first-degree robbery, second-degree burglary, and second-degree theft were lesser-included offenses to the felony murders, and we ordered the trial court to vacate Weaver’s convictions and sentences for those offenses. Weaver v. State, 763 So.2d 972 (Ala.Cr.App.1998). The Alabama Supreme Court granted cer-tiorari review; it reversed the judgment of this court affirming the felony-murder convictions and remanded the cause for this court to order a new trial. Ex parte Weaver, 763 So.2d 982 (Ala.1999).
The convictions and sentences are hereby reversed and the cause remanded for a new trial on the authority of Ex parte Weaver, supra.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ. concur.